```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JULIUS SCALERCIO,

                Petitioner,

        -against-                        MEMORANDUM AND ORDER
                                         07-CV-2458 (JS)

J.J. DONELLI or Succeeding
Warden,

                Respondent.
--------------------------------X
JULIUS SCALERCIO,

                Petitioner,

        -against-                        MEMORANDUM AND ORDER
                                         05-CV-1770 (JS)

W. MAZZUCA, Warden,

                Respondent.
--------------------------------X
APPEARANCES:

For Petitioner:    Julius Scalercio, Pro Se
                   02-A-2639
                   Barehill Correctional Facility
                   Caller Box 20
                   181 Brand Road
                   Malone, NY 12953

For Respondent:    Edward A. Bannan, Esq.
                   Office of Suffolk County District Attorney
                   200 Center Drive
                   Riverhead, NY 11901
```

SEYBERT, District Judge:

On April 4, 2005, Julius Scalercio ("Petitioner"), proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("2005 Petition"). See Scalercio v. Mazzuca, 05-CV-1770. On June 15, 2007, Petitioner filed a second

petition, again seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("2007 Petition"). See Scalercio v. Donelli, 07-CV-2458. Subsequently, on September 5, 2007, Respondent John J. Donnelli,[1] Superintendent of Bare Hill Correctional Facility, ("Respondent") moved to dismiss Petitioner's 2007 Petition as untimely. For the reasons discussed herein, Respondent's motion is DENIED.

## DISCUSSION

I. AEDPA One-Year Limitation Period

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to speed the process for the finality of criminal convictions. See Mayle v. Felix, 545 U.S. 644, 662, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (citing to Rhines v. Weber, 544 U.S. 269, 276,, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). AEDPA requires that habeas petitions be asserted within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). While it is clear that the 2005 Petition is timely, the 2007 Petition was filed well after the one-year limitation period expired.

After pleading guilty, Petitioner's judgment of conviction was entered on April 29, 2002. Petitioner filed a notice of appeal and a motion for sentence reduction. On September 20, 2004, the

---

[1] Incorrectly named in Petition as J.J. Donelli.

Appellate Division, Second Department denied Petitioner's appeal and affirmed the judgment. The New York Court of Appeals denied Petitioner's request to appeal on October 28, 2004. In the interim, on October 6, 2004, Petitioner filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") Article 440. By order dated November 15, 2004, the state trial court denied the motion. Petitioner sought leave to appeal to the Appellate Division, Second Department, which was denied on March 11, 2005. Petitioner's CPL 440.10 motion tolled the date on which his judgment became final until March 11, 2005. Petitioner filed the 2005 Petition on April 4, 2005, well within the one-year limitation period. Petitioner subsequently filed his 2007 Petition on June 15, 2007, after the AEDPA's one-year limitation period expired. Respondent simply argues that the 2007 Petition should be dismissed as untimely. Respondent overlooks, however, well-settled law in this Circuit.

The Second Circuit has made abundantly clear that where a Petitioner files a second petition for a writ of habeas corpus before his first habeas petition has reached a final disposition, the second petition should be treated as a motion to amend the initial petition. See Ching v. United States, 298 F.3d 174, 175 (2d Cir. 2002) ("We hold that a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion."); Littlejohn v. Artuz, 271 F.3d 360,

3

363 (2d Cir. 2001) ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice"); see also Grullon v. Ashcroft, 374 F.3d 137 (2d Cir. 2004) (applying Ching to § 2241 petitions);[2] Veal v. United States, No. 04-CV-5122, 2007 U.S. Dist. LEXIS 80029, at *6 (S.D.N.Y. Oct. 9, 2007) (holding that petitioner's recent petition for a writ of habeas corpus was not a second or successive petition, and rather should be construed as a motion to amend the original petition); Nedea v. Ohio Adult Parole Auth., No. 04-CV-573, 2005 U.S. Dist. LEXIS 9021, at *1 (S.D. Ohio Mar. 29, 2005) ("Because petitioner's second habeas corpus petition was filed prior to the time that final disposition was entered on his previous habeas corpus petition, this Court will construe his July 1, 2004, § 2254 petition as a motion to amend the petition") (citing to Ching, 298 F.3d at 174). As Petitioner's 2005 Petition remains pending, the Court must treat the 2007 Petition as a motion to amend the 2005 Petition. Accordingly, Respondent's motion to dismiss the 2007 Petition as untimely is DENIED.

II. Relation Back To The 2005 Petition

The Court's inquiry, however, does not end there. As

---

[2] Although Ching discussed a petition brought pursuant to 28 U.S.C. § 2255 and Grullon dealt with a 2241 petition, the Second Circuit has repeatedly guided that its reasoning in 28 U.S.C. § 2255, cases "applies equally to petitions for writs of habeas corpus filed by state prisoners pursuant to 28 U.S.C. § 2254." Villanueva v. United States, 346 F.3d 55, 60 n.1 (2d Cir. 2003).

4

noted above, the proposed amendment, as set forth in the 2007 Petition, was filed after the AEDPA's one-year limitation period expired. The Court must therefore determine whether the motion to amend should be granted despite the expiration of the AEDPA's limitation period.

The Supreme Court has ruled that "an amendment to a [habeas] petition filed after the expiration of the statute of limitations is barred unless it 'relates back' to the original petition." Veal, 2007 U.S. Dist. LEXIS 80029, at *12 (quoting Mayle, 545 U.S. at 655). Rule 15 of the Federal Rules of Civil Procedure, provides that "an amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings." Fed. R. Civ. P. 15(c)(2). The Supreme Court in Mayle, in interpreting Rule 15(c)(2) in the context of federal habeas proceedings, advised that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one year- time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650.

In Mayle, the defendant was convicted of murder and robbery and sentenced to life in prison. The defendant filed a habeas petition within the AEDPA one-year limitation period alleging

5

that testimony of a videotaped witness for the prosecution violated his confrontation rights. Id. at 649, 651. Five months after the AEDPA's limitation period expired, he filed a second petition adding a new claim focused on his pretrial statements. Id. at 651-52. The second petition was deemed untimely and found not to relate back because the amended petition asserted a new ground for relief that differed in "time and type" from the original claim for relief. Id. at 650.

In the 2005 Petition, filed on April 4, 2005, Petitioner asserts that, among other things, when he pled guilty in state court, he did not knowingly or intelligently consent to the five-year post-release supervision requirement as part of his sentence. Petitioner's 2007 Petition also attacks the post-release supervision period, but, it appears, he is challenging the sentencing phase of his state-court proceeding. Because Respondent addressed only the timeliness of the 2007 Petition, the Court is unable to determine at this time whether the proposed amendment, as set forth in the 2007 Petition, relates back to the 2005 Petition. Accordingly, Respondent Mazzuca is GRANTED 30 days from the date this Order is docketed to file his opposition to Petitioner's motion to amend the 2005 Petition. The opposition should address whether the proposed amendment relates back to the 2005 Petition under Federal Rule of Civil Procedure 15(c)(2), as interpreted by the Supreme Court in Mayle, and whether the motion to amend should be granted under Rule

6

15(a).  See Littlejohn, 271 F.3d at 363 ("Given that motions to amend are not successive habeas petitions, the standard for granting or denying a motion to amend is thus governed by Federal Rule of Civil Procedure 15(a)."  Petitioner shall file a reply to Respondent Mazzuca's opposition no later than 30 days from the date such opposition is filed.

## CONCLUSION

For the foregoing reason, Respondent's motion to dismiss the 2007 Petition as untimely is DENIED.  The Clerk of the Court is directed to consolidate this case with case number 05-CV-1770, mark case number 07-CV-2458 as CLOSED and TERMINATE any pending motions, and docket, as of the date of this Order, the 2007 Petition as a motion to amend in case number 05-CV-1770.  Respondent Mazzuca is GRANTED 30 days from the date this Order is docketed to file his opposition to Petitioner's motion to amend the 2005 Petition. Petitioner shall file a reply to Respondent Mazzuca's opposition no later than 30 days from the date such opposition is filed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       September 24, 2008